UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn in on September 15, 2022

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>RHAYDA BARNES THOMAS,<br>also known as "Rhayda Barnes,"<br><br>Defendant. | CRIMINAL NO. 22-CR-324<br><br>GRAND JURY ORIGINAL<br><br>VIOLATIONS:<br><br>18 U.S.C. § 1343 (Wire Fraud)<br><br>18 U.S.C. § 1344(2) (Bank Fraud)<br><br>18 U.S.C. § 1028A(a)(1) (Aggravated Identity Theft)<br><br>22 D.C. Code §§ 3221(a) and 3222(a)(1) (First Degree Fraud)<br><br>FORFEITURE ALLEGATION:<br>18 U.S.C. § 981(a)(1)(C),<br>18 U.S.C. § 982(a)(2)(A);<br>21 U.S.C. § 853(p); 28 U.S.C. § 2461(c) |

## INDICTMENT

The Grand Jury charges that:

At times material to this Indictment:

### BACKGROUND

1. Defendant Rhayda Barnes Thomas, a.k.a., Rhayda Barnes, resided in the District of Columbia.

2. The District of Columbia's Department of Employment Services ("DOES") provided employment services to District residents, including through the Project Empowerment Program. The Project Empowerment Program provided, among other things, job search assistance

to D.C. residents with multiple barriers to employment, such as a documented history of substance abuse, a history of job cycling (not maintaining steady employment), and either a felony conviction or previous incarceration.

3. One phase of the Project Empowerment Program consisted of subsidized paid employment at worksites; the D.C. government paid the participant's wages. During this phase, worksites were responsible for entering Project Empowerment participants' work hours into an electronic Time Management System used by DOES to pay Project Empowerment participants bi-weekly. DOES generally paid Project Empowerment participants through pre-paid bank debit cards that were re-loaded by DOES. The payments onto the cards were made from an account the D.C. government maintained at Wells Fargo Bank.

4. Barnes Thomas was a Project Empowerment Program participant from August 2013 through March 2015. On or about February 24, 2014, upon her completion of the subsidized employment phase of the program, DOES hired Barnes Thomas to a thirteen-month term position as a Program Support Assistant assigned to the Project Empowerment program. Effective March 24, 2015, her appointment was extended to April 22, 2016. On or about March 21, 2017, she was promoted to the position of Program Analyst with the Project Empowerment Program. Her appointment expired on or about May 1, 2018.

5. Wells Fargo Bank was a financial institution within the meaning of 18 U.S.C. § 20. Wells Fargo's deposits were insured by the Federal Deposit Insurance Corporation.

6. Organization One was a non-profit, community-based organization in the District of Columbia that provided workforce development services for District residents. G.J. was an employee of Organization One from March 2012 through early July 2014.

7. Organization Two was a real estate company based in the District of Columbia, which was operated by S.R.

## COUNTS ONE THROUGH FIVE
### (Wire Fraud)

### The Scheme to Defraud

8. Paragraphs 1 through 7 are incorporated here.

9. From in or about May 2015 through in or about April 2018, within the District of Columbia and elsewhere, defendant Rhayda Barnes Thomas devised and intended to devise a scheme to defraud and to obtain money from the D.C. government by means of materially false and fraudulent pretenses, representations, and promises.

### Purpose of the Scheme

10. The purpose of the scheme to defraud was for Barnes Thomas to unlawfully enrich herself by falsely and fraudulently claiming that former Project Empowerment participants were working for Organization One, and then obtaining the program funds that Wells Fargo loaded onto prepaid debit cards associated with those participants.

### Manner and Means

It was a part of the scheme to defraud that:

11. Barnes Thomas modified entries in a DOES database to falsely and fraudulently show that sixteen former Project Empowerment participants (D.C., T.W., C.M., D.D., D.R., A.V., A.D., M.L., L.D., L.B., E.M., L.R., N.B., N.J., L.M., and B.R.) were working at Organization One, which was not true.

12. To fraudulently disguise and hide Barnes Thomas's involvement in the scheme and to otherwise advance it, G.J.'s name was used hundreds of times between May 2015 and April 2018 (that is, after G.J.'s employment with Organization One ended) to enter time into the DOES

Time Management System showing former Project Empowerment participants as working at Organization One when they were not.

13. Barnes Thomas modified address entries in a DOES database to falsely indicate that some former Project Empowerment participants were using Post Office Boxes—which Barnes Thomas had previously rented—as their addresses.

14. Barnes Thomas ordered or caused to be ordered replacement and new prepaid debit cards on behalf of former Project Empowerment participants whose profiles she fraudulently revived.

15. Barnes Thomas caused the D.C. government to request that Wells Fargo load funds onto those prepaid debit cards, which Wells Fargo did.

16. Those prepaid debits cards had cash withdrawn from them at ATMs in the District of Columbia and Maryland.

17. Barnes Thomas logged into Gmail accounts that were created for use in the scheme.

**The Execution of the Scheme**

18. On or about the following dates, in the District of Columbia, Barnes Thomas, for the purpose of executing the above-described scheme and artifice, did transmit and cause to be transmitted by means of wire communication in interstate commerce the signals and sounds described below for each count, each transmission constituting a separate count:

| Count | Date | Wire Transmission |
|---|---|---|
| One | October 4, 2017 | Creation of Gmail Email Account in the name of G.J. ("G.J. Gmail Account") |
| Two | October 4, 2017 | Email from Barnes-Thomas' D.C. government account replying to G.J. Gmail Account email requesting that Project Empowerment Participant L.B. be disabled because "she is no longer participating" |
| Three | October 4, 2017 | Email from G.J. Account to Barnes-Thomas' D.C. government account noting, "Please update the email address as well" |
| Four | April 13, 2018 | Logging in to G.J. Account |
| Five | April 15, 2018 | Creation of Gmail Email Account in the name of S.R. ("S.R. Gmail Account") |

(Wire Fraud, in violation of Title 18, United States Code, Section 1343)

## COUNTS SIX THROUGH EIGHT
(Bank Fraud)

19. Paragraphs 1 through 7 and 10 through 17 are incorporated here.

20. From in or about May 2015 through in or about April 2018, within the District of Columbia and elsewhere, defendant Rhayda Barnes Thomas participated in a scheme and artifice to obtain any of the moneys, funds, credits, assets, securities, and other property owned by, and under the custody and control of, Wells Fargo, a financial institution, by means of false and fraudulent pretenses, representations, and promises.

21. On or about the following dates, in the District of Columbia, Barnes Thomas knowingly executed and attempted to execute the above-described scheme and artifice to defraud:

| Count | Date | Execution |
|---|---|---|
| Six | August 12, 2017 | Electronic message regarding Direct Deposit (ACH) file related to Wells Fargo loading funds onto prepaid debit cards |

5

| | | |
|---|---|---|
| Seven | February 13, 2018 | Electronic message regarding Direct Deposit (ACH) file related to Wells Fargo loading funds onto prepaid debit cards |
| Eight | April 9, 2018 | Electronic message regarding Direct Deposit (ACH) file related to Wells Fargo loading funds onto prepaid debit cards |

**(Bank Fraud, and Aiding and Abetting and Causing an Act to be Done, in violation of Title 18, United States Code, Sections 1344(2) and 2)**

## COUNTS NINE THROUGH FIFTEEN
### (Aggravated Identity Theft)

22. Paragraphs 1 through 7, 10 through 17, and 20 are incorporated here.

23. On or about the dates listed below for each count, in the District of Columbia, defendant Rhayda Barnes Thomas did knowingly use, without lawful authority, a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c), that is, Wire Fraud in violation of 18 U.S.C. § 1343 and Bank Fraud in violation of 18 U.S.C. § 1344(2), all as described in Counts One through Eight above, knowing that the means of identification belonged to another actual person, as described below for each count:

| Count | Date | Means of Identification |
|---|---|---|
| Nine | October 2017 through April 2018 | Name of G.J. |
| Ten | October 2017 through April 2018 | Name of N.B. |
| Eleven | October 2017 through April 2018 | Name of D.C. |
| Twelve | October 2017 through April 2018 | Name of N.J. |
| Thirteen | October 2017 through April 2018 | Name of L.M. |
| Fourteen | October 2017 through April 2018 | Name of T.W. |
| Fifteen | April 15, 2018 through April 19, 2018 | Name of S.R. |

**(Aggravated Identity Theft, in violation of Title 18, United States Code, Sections 1028A(a)(1) and (c)(5))**

## COUNT SIXTEEN
### (First Degree Fraud)

24. The allegations set forth in paragraphs 1 through 7, 10 through 17, and 20 are incorporated here.

25. From in or about May 2015 through in or about April 2018, within the District of Columbia, defendant Rhayda Barnes Thomas engaged in a scheme and systematic course of conduct with the intent to defraud and to obtain property of the D.C. government by means of materially false and fraudulent pretenses, representations, and promises, and thereby obtained property and caused the District of Columbia to lose property, the value of which was $1,000 or more.

### (First Degree Fraud, in violation of Title 22, D.C. Code, Sections 3221(a) and 3222(a)(1))

## FORFEITURE ALLEGATION

1. Upon conviction of any of the offenses alleged in Counts One through Five, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States also will seek a forfeiture money judgment against the defendant in an amount equal to the value of any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.

2. Upon conviction of any of the offenses alleged in Counts Six through Eight, the defendant shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of the violations. The United States will also seek a forfeiture money judgment against the defendant in an amount

equal to the value of any property constituting, or derived from, proceeds, the defendant obtained, directly or indirectly, as a result of the offense.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;
   c. has been placed beyond the jurisdiction of the Court;
   d. has been substantially diminished in value; or
   e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), Title 18 United States Code, Section 982(a)(2)(A), and Title 21, United States Code, Section 853(p))**

A TRUE BILL

FOREPERSON

*Matthew M. Groves/jph*
ATTORNEY FOR THE UNITED STATES IN
AND FOR THE DISTRICT OF COLUMBIA